IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES YOUNG WASHINGTON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-16-1268 |
| EASTERN CORRECTIONAL INSTITUTION | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

The above-entitled civil rights complaint was filed on April 28, 2016, together with Motions to Proceed in Forma Pauperis and for Appointment of Counsel. ECF Nos. 2 and 3. Because he appears to be indigent, Plaintiff's Motion to Proceed in Forma Pauperis shall be granted. For the reasons stated below, the complaint must be dismissed and the Motion for Appointment of Counsel shall accordingly be denied.

Plaintiff alleges that on an unspecified date an unnamed correctional officer forced him to wear improper footwear to work at his assigned job in the kitchen at Eastern Correctional Institution. During his work shift, Plaintiff walked into the "dish room" to get more cups. ECF No. 1 at p. 3. He states that although the floor was wet, there was no sign placed in the area warning that it was wet. Plaintiff slipped and fell, breaking his "right hip femur bone." *Id*. Plaintiff states that when he fell Officer Morris asked if he needed medical attention. Plaintiff responded that he did, but a nurse did not come to the kitchen. *Id*. The injury he sustained required surgical placement of a rod and metal plate in Plaintiff's pelvis. *Id*. Plaintiff adds that the "second day" presumably after the surgery took place, medical staff found a blood clot and blood in Plaintiff's stool, requiring injections of blood thinning drugs in Plaintiff's abdomen. *Id*. As relief, Plaintiff seeks $300,000 in damages. *Id*.

The complaint fails to name a proper party as Defendant. A civil rights complaint filed pursuant to 42 U.S.C. §1983 must be filed against a person.[1] While that deficiency may be corrected by amending the complaint, the claim asserted does not state a constitutional claim even if a proper defendant is named. The only parties mentioned in the complaint who are potential defendants are the officer who is alleged to have denied Plaintiff the opportunity to wear the boots he wanted to wear and the officer who allegedly did not summon a nurse to the area of the prison where Plaintiff fell. ECF No. 1 at p. 3.

The conduct described does not present a colorable claim for an Eighth Amendment claim which requires a showing that deliberate acts or failures to act imposed cruel and unusual punishment on Plaintiff. "Since 'routine discomfort' is part of prison life and 'society does not expect that prisoners will have unqualified access to health care,' in order to demonstrate the objective component of conditions-of-confinement or medical care claims prisoners must demonstrate 'extreme' deprivations or neglect of 'serious' medical needs." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996) citing *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Plaintiff has failed to demonstrate the extreme deprivations required. *See e.g.*, *Fruit v. Norris*, 905 F. 2d 1147 (8th Cir. 1990) (failure to provide inmates with protective gear and ignoring other dangers to personal safety when working inside a raw sewage well established Eighth Amendment violation).

Moreover, the conduct described does not meet the required subjective state of mind for either officer involved. "[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown*

---

[1] "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . ." 42 U.S.C. §1983 (emphasis supplied).

*v. North Carolina Dept. of Corrections,* 612 F.3d 720, 723 (4th Cir. 2010), quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir.2002).  Conduct is not actionable under the Eighth Amendment unless it transgresses bright lines of clearly-established pre-existing law.  *See Maciariello v. Sumner*, 973 F. 2d 295, 298 (4th Cir. 1992).  In the case of the officer who denied Plaintiff the ability to wear boots, there is no set of facts that would establish that officer knew of a substantial risk to Plaintiff's safety that wearing boots would have prevented.  In the case of the officer who did not summon a nurse to the area where Plaintiff fell, there is no allegation that Plaintiff was denied medical care or that it was delayed.  To the contrary, Plaintiff states he was provided medical care for his injury.[2]

The claim asserted is in the nature of a worker's compensation claim.  The state-law equivalent to such a claim for prisoners incarcerated in Maryland is a Sundry Claims Board claim filed pursuant to Md. Corr. Serv., Code Ann. §10-301 *et seq*.  Compensation under that provision, however, is limited to injuries resulting in a permanent partial or total disability, *id*. at §10-304(2) and must be filed at the earlier of 24 months of the date of injury or within 12 months of release from incarceration, *id*. at §10-305(b).  This court does not have jurisdiction to consider such a claim.

The complaint shall be dismissed by separate Order which follows.

May 4, 2016                              _____/s/_____
                                         DEBORAH K. CHASANOW
                                         United States District Judge

---

[2]  To the extent Plaintiff intended to implicate the medical care providers for the quality of the care he received, claims of medical malpractice or negligence do not state an Eighth Amendment claim.  Mere negligence or malpractice does not rise to a constitutional level.  *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).